NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3083

JAMES W. SCOTT,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

_____

DECIDED:  August 15, 2005

_____

Before NEWMAN, RADER, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

James W. Scott petitions for review of the final decision of the Merit Systems Protection Board ("Board") affirming an administrative judge's initial decision denying Mr. Scott's request for corrective action in this individual-right-of-action appeal.  The administrative judge determined that although Mr. Scott made a disclosure protected under 5 U.S.C. § 2302(b)(8) (commonly known as the Whistleblower Protection Act ("WPA")), he failed to prove by a preponderance of the evidence that his disclosure was a contributing factor in any proven personnel action.  <u>See</u> <u>Scott v. Dep't of Homeland Sec.</u>, No. SF1221040179-W-1 (M.S.P.B. Nov. 3, 2004); <u>Scott v. Dep't of Homeland Sec.</u>, No. SF1221040179-W-1 (M.S.P.B. May 28, 2004).  We <u>affirm</u>.

BACKGROUND

Mr. Scott was employed by the Department of Homeland Security's Federal Protective Service ("FPS"), which is charged with ensuring the security of agency-controlled buildings and other facilities.[*] According to Mr. Scott, in August 1998 he disclosed information to the Office of Inspector General ("OIG") regarding the possible use of unauthorized badges by FPS employees.

Mr. Scott eventually filed the present individual-right-of-action appeal seeking correction of various actions that were allegedly taken against him by FPS in response to activities protected under the WPA. In the initial decision, the administrative judge found that the disclosure by Mr. Scott to the OIG regarding use of unauthorized badges was protected by the WPA, but that 127 other communications were not protected, each for one or more of various reasons. The administrative judge next reviewed numerous alleged actions of FPS to determine whether any constituted a "personnel action," which is defined by statute to include "any . . . significant change in duties, responsibilities, or working conditions." 5 U.S.C. § 2302(a)(2)(A)(xi) (2000). The administrative judge found that FPS took or failed to take six covered personnel actions, but that Mr. Scott failed to prove by a preponderance of the evidence that the protected disclosure was a contributing factor in any of the six covered personnel actions.

When the Board denied Mr. Scott's petition for review, the initial decision of the administrative judge became the final decision of the Board. Mr. Scott petitions for review of the final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

---

[*] FPS was part of the General Services Administration, but now it is part of the Department of Homeland Security.

DISCUSSION

We must sustain the Board's final decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

On appeal, Mr. Scott maintains that various officials embarked on a campaign of harassment and retaliation against him. He argues that the campaign was initiated in response to his reporting of illegal use of law enforcement credentials, but that it continued after he filed additional documents seeking related investigations, appeals, or lawful compensation from various federal agencies. Mr. Scott contends that the Board failed to take into account numerous facts and that the Board applied the wrong law. According to Mr. Scott, the Board should have applied a variety of federal civil statutes, criminal statutes, and constitutional provisions.

We have reviewed the allegations presented by Mr. Scott and conclude that the administrative judge's distillation of Mr. Scott's allegations as well as his findings are supported by substantial evidence. We also have reviewed the law applied by the Board and the administrative judge and conclude that the final decision is in accordance with law. In particular, the administrative judge did not err in concluding that the 127 other communications were not protected by the WPA and that numerous alleged actions of FPS did not constitute "personnel actions" as defined by § 2302(a)(2)(A)(xi). Furthermore, substantial evidence supports the administrative judge's conclusion that

Mr. Scott failed to prove by a preponderance of the evidence that the protected disclosure was a contributing factor in any of the six covered personnel actions.

Other arguments presented by Mr. Scott are similarly unpersuasive.

## CONCLUSION

For the foregoing reasons, we affirm the Board's final decision.